IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ED KAMINSKI, | : | CIVIL ACTION |
|     Plaintiff | : | |
| | : | |
| v. | : | NO. 3:12-cv-02461-WJN |
| | : | |
| ACCOUNTS RECOVERY BUREAU, INC., | : | |
|     Defendant | : | JURY TRIAL DEMANDED |

**DEFENDANT ACCOUNTS RECOVERY BUREAU, INC.'S ANSWER,
AFFIRMATIVE DEFENSES AND DEMAND FOR JURY**

Defendant Accounts Recovery Bureau, Inc. ("Defendant"), by its undersigned counsel, answers Plaintiff's Complaint and states as follows:

1. Admitted that Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, but Defendant denies any violation therein.

2. Admitted.

3. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, and therefore denies said allegations.

4. Admitted that Plaintiff is a natural person. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 4 of the Complaint, and therefore denies said allegations.

5. Admitted that Defendant is a corporation engaged in the business of collecting accounts in Pennsylvania and that it is located at 555 Van Reed Road, Wyomissing, Pennsylvania 19610. Defendant further admits that under certain circumstances, it may be a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). Defendant denies the remaining allegations contained in paragraph 5 of the Complaint.

6. Admitted.

7. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, and therefore denies said allegations.

8. Admitted that Defendant regularly uses the telephone to attempt to collect accounts alleged to be due another. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 8 of the Complaint, and therefore denies said allegations.

9. Admitted.

10. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, and therefore denies said allegations.

11. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, and therefore denies said allegations.

12. Admitted to the extent 15 U.S.C. § 1692e(11) speaks for itself. Defendant denies any remaining allegations contained in paragraph 12 of the Complaint.

13. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, and therefore denies said allegations.

14. Admitted to the extent 15 U.S.C. § 1692d(6) speaks for itself. Defendant denies any remaining allegations contained in paragraph 14 of the Complaint.

15. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, and therefore denies said allegations.

16. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint, and therefore denies said allegations.

17. Denied.

18. All other allegations contained in the Complaint which are not otherwise specifically admitted or denied herein are denied.

WHEREFORE, Defendant requests that this Court dismiss Plaintiff's Complaint at Plaintiff's cost, and that Defendant be awarded reasonable attorney fees and costs as provided for under applicable law.

## AFFIRMATIVE DEFENSES

1. Plaintiff failed to state a claim upon which relief can be granted.

2. Any violation of law, which is specifically denied, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

3. Plaintiff failed to mitigate any damages which he may have suffered.

4. Plaintiff suffered no damage from the purported violations of the Fair Debt Collection Practices Act by Defendant and therefore is not entitled to any award of damages, attorney fees or costs.

5. If Plaintiff was injured or damaged, any and all such injury or damage was as a proximate result of the acts and/or omissions of persons and/or entities not under the control of Defendant.

6. If Plaintiff was injured or damaged, any and all such injury or damage was not foreseeable by Defendant.

7. Any alleged damages to Plaintiff, which Defendant continues to deny, were caused in whole or in part by an intervening or superseding cause.

8. Defendant states that it reserves the right to assert additional affirmative defenses as discovery warrants.

**DEMAND FOR JURY**

Defendant demands a jury pursuant to Fed.R.Civ.P. 38 for all issues so triable.

          FINEMAN KREKSTEIN & HARRIS, P.C.

By    /S/ Richard J. Perr
RICHARD J. PERR, ESQUIRE (PA 72883)
JENNIFER TATUM ROOT, ESQUIRE (PA 308693)
BNY Mellon Center
1735 Market Street, Suite 600
Philadelphia, PA  19103-7513
(v) 215-893-9300; (f) 215-893-8719
e-mail: rperr@finemanlawfirm.com
       jroot@finemanlawfirm.com
Attorneys for Defendant

Dated: January 9, 2013

# CERTIFICATE OF SERVICE

I, RICHARD J. PERR, ESQUIRE, hereby certify that on or about this date, I served a true and correct copy of the foregoing electronically, or by first class mail, postage prepaid, or telecopy on the following:

>Kristin Sabatini, Esquire
>Sabatini Law Firm
>216 N. Blakely Street
>Dunmore, PA 18512
>(v) 570-341-9000; (f) 570-504-2769
>ksecf@bankruptcypa.com
>          Attorneys for Plaintiff

>          /S/ Richard J. Perr
>          RICHARD J. PERR, ESQUIRE

Dated:    January 9, 2013